UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC., SPRINT COMMUNICATIONS COMPANY L.P. and BOOST WORLDWIDE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TECH PIMPS, an unregistered company, and FLORENCIO JOPIO, JR. individually and d/b/a TECH PIMPS,<br><br>Defendants. | Civil Action No: 4:15-cv-00801-NFA |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Sprint Solutions, Inc., Sprint Communications Company L.P. and Boost Worldwide, Inc. (collectively "Sprint" or "Plaintiffs"), brought the above-captioned lawsuit against Defendant Florencio Jopio, Jr. individually and d/b/a Tech Pimps ("Defendant"), alleging that Defendant engaged in an unlawful enterprise involving the unauthorized and deceptive bulk acquisition and resale of specially-manufactured wireless telephones designed for use on Sprint's wireless service, which Sprint offers under various Sprint brands, including Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and

the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint alleges that Defendant and his co-conspirators perpetrated the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendant. Sprint asserts that Defendant and his co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts), but instead, the Phones would be trafficked and the vast majority resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States) and where the Phones are not as readily available. In some cases, Defendant acquires the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked, or "unlocked," to disable software installed in the Phones by the manufacturers, at the request and expense of Sprint, that enables activation of the Sprint Phones exclusively on Sprint's wireless system. The purpose of the software is to allow Sprint to offer the Phones at a discount to the customer while protecting Sprint's investment in the Phone. Plaintiffs assert that the illegally unlocked Phones are trafficked and resold as new, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and

services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

As a result of Defendant's involvement in the Bulk Handset Trafficking Scheme, Sprint asserted claims against Defendant for unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, conspiracy to induce breach of contract, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and injury to business or reputation and dilution of trademarks under Tex. Bus. & Com. Code Ann. § 16.103.

Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:









Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds that the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones. The Court finds that, among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4. The conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, conspiracy to induce breach of contract, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., contributory trademark infringement, conversion, and injury to business or reputation and dilution of trademarks under Tex. Bus. & Com. Code Ann. § 16.103, and that such conduct has caused substantial and irreparable harm to Sprint, and will continue to cause substantial and irreparable harm to Sprint unless enjoined.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment is hereby entered against Defendant Florencio Jopio, Jr. individually and d/b/a Tech Pimps, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Three Hundred Fifty-Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($356,250.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. For all Sprint brands, now and in the future, including but not limited to Sprint, Sprint Prepaid, Virgin Mobile, Boost, PayLo, and Assurance Wireless, Defendant and all of his past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him or on his behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

  a. acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

  b. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing,

    tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

  c. acquiring, advertising, or reselling Sprint services;

  d. engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

  e. accessing Sprint's computer networks either directly or through a Sprint representative or customer or a third-party;

  f. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones;

  g. knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

  h. holding himself out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and

  i. advertising any products or services that have any purported connection to Sprint or any of Sprint's affiliates.

  8. Pursuant to the Lanham Act, Defendant shall deliver and turn over all Sprint Phones and Products in his possession, or subject to his custody or control, bearing or infringing any Sprint trademark or confusingly similar copy thereof, to Sprint within ten (10) days of the date of this Final Judgment.

9. The acquisition, sale or shipment of any Sprint Phone without Sprint's prior written consent within or outside of the continental United States shall be deemed a presumptive violation of this injunction.

10. The address of Plaintiffs is 6200 Sprint Parkway, Overland Park, Kansas 66251.

11. The last known address of Defendant Florencio Jopio, Jr. individually and d/b/a Tech Pimps is 12114 Blair Meadow Drive, Meadows Place, Texas 77477.

12. The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each Sprint Phone that Defendant is found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendant violates the terms of this Order.

13. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendant as set forth herein.

DONE AND ORDERED this 7th day of July, 2015.

Copies furnished to:
All Counsel of Record and pro se parties

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE